IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

NO.

16-11712

JEAN REED,

APPELLANT

V.

WINN DIXIE, INC.,

APPELLEE

APPEAL FROM

THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

# BRIEF FOR APPELLANT JEAN REED

LETTA DILLARD GORMAN

COUNSEL FOR APPELLANT JEAN REED

LAW OFFICE OF LETTA DILLARD GORMAN

P.O. BOX 983

GENEVA, ALABAMA 36340

JUNE 21, 2016

ORAL ARGUMENT NOT REQUESTED

**JEAN REED V. WINN DIXIE, INC, NO. 16-11712**

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT OF PLAINTIFF-APPELLANT JEAN REED

Pursuant to Federal Rule of Appellant Procedure 26.1 and Eleventh Circuit Rule 26.1, Plaintiff-Appellant Jean Reed hereby states that the following individuals and entities have an interest in the outcome of this case:

Bi Lo Holdings LLC

Borden, The Honorable Gray M., U.S. Magistrate Judge

Davis, The Honorable Thomas Andrew

Davis, Mike

Equal Employment Opportunity Commission in Mobile, Alabama

Gorman, The Honorable Letta Dillard

Jackson Lewis Law Firm

Reed, Jean

Southeastern Grocers

Tuegel, Daniel

Winn Dixie, Inc. (NASDAQ:WINN)

**JEAN REED V. WINN DIXIE, INC, NO. 16-11712**

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT……………………………i

CERTIFICATE OF INTERESTED PERSONS………………………………..ii

TABLE OF CONTENTS……………………………………………………1

TABLE OF CITATIONS……………………………………………………2

STATEMENT OF JURISDICTION…………………………………………3

STATEMENT OF THE ISSUES……………………………………………4

STATEMENT OF THE CASE………………………………………………5

SUMMARY OF THE ARGUMENT………………………………………...7

ARGUMENT……………………………………………………………..10

CONCLUSION…………………………………………………………...16

CERTIFICATE OF COMPLIANCE……………………………………..17

CERTIFICATE OF SERVICE……………………………………………18

**JEAN REED V. WINN DIXIE, INC, NO. 16-11712**

## TABLE OF CITATIONS


Age Discrimination in Employment Act, 29 USC§ 621, et. seq…3,7,8,9,13,14,16

Alabama Age Discrimination in Employment Act Ala. Code §§ 25-1-20………10

Americans with Disabilities Act…………………………………………………12

Esparza v. Department of Homeland Security, EEOC Appeal No. 01A32852 (March 12, 2004)………………………………………………………………11

Federal Express Corp. v. Holowecki, 552 U.S. 389, 128 S. Ct. 1147 (2008)…12,13

Grauff v. Department of Transportation, EEOC Appeal No. 01A42718 (September 8, 2004)…………………………………………………………………..9

General Dynamics Land Systems, Inc. v. Cline, 540 U.S. 581, 586-87, 124 S. Ct. 1236, 157 L. Ed. 2d 1094 (2004)……………………………………………13

O'Connor v. Consolidated Caterers Corp (517 U.S.308, 1996)……………………7

Smith v. United States Postal Service, EEOC Appeal No. 01A55920 (February 6, 2006)…………………………………………………………………....12

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16…3,7,8,19,12,14,16

**JEAN REED V. WINN DIXIE, INC, NO. 16-11712**

**STATEMENT OF JURISDICTION**

This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 and the Age Discrimination in Employment Act, 29 USC§ 621, et. seq.

## JEAN REED V. WINN DIXIE, INC, NO. 16-11712

## STATEMENT OF THE ISSUES

1. Whether Ms. Reed's complaint for employment discrimination was timely filed pursuant to Title VII of the Civil Rights Act and the Age Discrimination in Employment Act?
2. Whether the Petitioner made timely contact with the EEO counselor?
3. Whether the postmark of certified mail should be used to determine the date filed?

**JEAN REED V. WINN DIXIE, INC, NO. 16-11712**

## STATEMENT OF THE CASE

Ms. Jean Reed is an African American female over the age of forty (40) who resides in Hartford, Alabama in Geneva County. Ms. Reed began her employment with the Defendant employer in 1998, some 18 years ago, as a cashier and later was promoted to Deli manager. Ms. Reed was being unduly harassed by the store manager for a period of a year prior to her termination. He followed her around, stalked her, took pictures of her without her permission, made disparaging remarks, and was rude to her. Ms. Reed reported this harassment to the Human Resources office on several occasions, but nothing was done. Ms. Reed performed her duties successfully as an employee of the Defendant and remained in the employ of the Defendant without any adverse incident until the events leading to the termination of her employment on November 14, 2014. (Document 1, pages 1-8)

The Defendant terminated Ms. Reed when she was fifty-two (52) years of age on the pretext that she had placed some chicken out for sale improperly. Ms. Reed's position with the Defendant employer at the time of her termination was Deli Manager in Dothan, Alabama in Houston County. The Defendant maintained that they terminated Ms. Reed for poor job performance although her record was

excellent until the events leading to her illegal termination. Ms. Reed earned approximately $30,000 annually from her employment at the time of her termination.

Ms. Reed contacted the EEOC office in Mobile about her complaint. They sent her an Intake Questionnaire. She completed the form, but failed to check one of the boxes indicating a complaint, although she underscored "retaliation" to indicate her added charge. She finally contacted an attorney who helped her complete and send the form to the EEOC office an fooled up with the Charge of Discrimination sent via certified mail on May 6, 2015 due to the approaching deadline of May 14, 2015 (Document 15, page 5-7). However, the EEOC office did not accept the certified mail despite three attempts by the carrier to deliver it during normal business hours. It was finally accepted on May 26, 2015 and deemed not timely filed.

Ms. Reed and her attorney challenged the ruling of untimeliness, but were denied (Document 15, page 3). Nevertheless, Ms. Reed filed an action in the Middle District of Alabama (Document 1, pages 1-8). The Defendant relied on the opinion of the EEOC and filed a motion to dismiss due to Ms. Reed's not timely filing her charges. The Defendant's motion was granted and the case was dismissed without a hearing on its merits and Ms. Reed now appeals that decision. Mediation is set for June 27, 2016.

**JEAN REED V. WINN DIXIE, INC, NO. 16-11712**

## SUMMARY OF THE ARGUMENT

Ms. Reed was wrongfully accused of poor job performance as a pretext for her illegal termination from her employment. The employer used the pretext that Ms. Reed had failed to meet standards of job performance as the basis of her termination to hide the Defendant's true discriminatory reasons for terminating Ms. Reed within the meaning Title VII of the Civil Rights Act and the Age Discrimination in Employment Act (ADEA).

Ms. Reed was qualified for the position she held at the time of her termination and was successfully performing her duties as she had done for some time. The new store manager harassed Ms. Reed for a period of time and she reported it to the Human Resources Department. The Defendant was aware of Ms. Reed's gender, race, age and whistleblowing. Ms. Reed was discriminated against due to her age, and whistleblowing for the harassment. Ms. Reed received disparate treatment and retaliation because of her age and whistleblowing.

Ms. Reed is in a protected class as an African American female over the age of forty (40). Ms. Reed received adverse personnel action. Ms. Reed was as good or as qualified as the replacing worker. In O'Connor v. Consolidated Caterers Corp (517 U.S.308, 1996), the Court states that the replacing worker need not be in the

protected class of people, i.e. the replacing worker can also be a member of the protected class of people.

Between January 2013 and November 2014, Ms. Reed reported incidents of harassment by the Store Manager to Human Resources, but her requests were ignored. On or about November 14, 2014 Ms. Reed received a warrantless accusation that she violated a work policy from Defendant Winn Dixie. Ms. Reed was terminated immediately.

Ms. Reed suffered significant economic and emotional distress over her unfounded termination after so many years of service. Ms. Reed's economic condition has deteriorated due to the wrongful acts of the Defendant. Ms. Reed was retaliated against by the Defendant because she blew the whistle on the store manager's continued harassment.

Ms. Reed filed charges with the EEOC on or about May 6, 2015, thus meeting the statutory reporting requirements of the Civil Rights Act and the ADEA, however the EEOC office failed to be available to receive the certified mail until May 26, 2015.

Ms. Reed is an employee within the meaning and a qualified individual within the meaning of the Civil Rights Act and ADEA. The Defendant is an employer within the meaning of the Civil Rights Act and ADEA as a covered

entity. The Defendant is engaged in commerce within the meaning of the Civil Rights Act and ADEA.

After her termination, Ms. Reed was severely depressed and has not been able to find employment. Ms. Reed was treated differently than others who were accused of similar or more serious acts.

Ms. Reed first attempted to resolve her unlawful termination with the Defendant. When that failed, she filed a Complaint with the EEOC in Mobile. She spoke with an EEO Counselor who sent her an intake form to complete. She completed that form on April 11, 2015 and filed a Charge of Discrimination by certified mail issued on May 6, 2015, but the U.S. Post Office reported that delivery was not accepted by the EEOC in Mobile during regular business hours after two attempts. It was finally delivered on the third attempt on May 26, 2015. The EEOC logged in the charge as untimely filed. Ms. Reed appealed that decision to the Director based on similar circumstances in Grauff v. Department of Transportation, EEOC Appeal no. 01A42718 (September 8, 2004) in which the claimant contacted an EEOC official logically connected to the process regarding the delay and the agency was determined to have improperly rejected the filing as untimely. The Defendant used this EEOC untimely determination as the basis to file a motion to dismiss Ms. Reed's charge (Document 16) which was granted, and she timely appealed to the Eleventh Circuit for relief.

**JEAN REED V. WINN DIXIE, INC, NO. 16-11712**

## ARGUMENT

The issues in this appeal focus on whether Ms. Reed timely filed her complaint of employment discrimination and what determines timely filing. The merits of her case have not been addressed as yet. However, a telephone mediation is set for June 27, 2016.

The anti-discrimination laws give a limited amount of time to file a charge of discrimination. In general, the claimant needs to file a charge within 180 calendar days from the day the discrimination took place. The 180 calendar day filing deadline is extended to 300 calendar days if a state or local agency enforces a law that prohibits employment discrimination on the same basis. The rules are slightly different for age discrimination charges. For age discrimination, the filing deadline is only extended to 300 days if there is a state law prohibiting age discrimination in employment and a state agency or authority enforcing that law. The deadline is not extended if only a local law prohibits age discrimination. In this case, the State of Alabama has a state law prohibiting age discrimination. The Alabama Age Discrimination in Employment Act, Ala. Code §§ 25-1-20 to -29, prohibits employers with 20 or more employees from discriminating against

employees and applicants who are 40 years of age or older (*AL Code Sec. 25-1-20et seq.*). However, there is no state agency that enforces that statute.

Ms. Reed first attempted to resolve her unlawful termination with the Defendant. When that failed, she contacted an EEO Counselor and completed an Intake Questionnaire filing a Complaint with the EEOC in Mobile. In Esparza v. Department of Homeland Security, EEOC Appeal No. 01A32852 (March 12, 2004), Complainant's complaint was dismissed for untimely EEO counselor contact. Complainant stated on appeal that he timely initiated counselor contact by telephoning the agency's EEO Office and leaving a message. The Commission found credible complainant's claim regarding timely contact with an EEO Counselor and noted that the agency had failed to offer evidence in rebuttal. The agency dismissal was reversed and the complaint was remanded for processing.

Ms. Reed contacted an EEO Counselor, completed the intake form, underscored “retaliation” and returned it to the EEOC. She completed that form and returned the Charge of Discrimination by certified mail issued on May 6, 2015, but the U.S. Post Office reported that delivery was not accepted by the EEOC in Mobile during regular business hours. It was finally delivered on the third attempt on May 26, 2015. However, the EEOC logged in the charge as untimely filed. The Defendant used this basis to file a motion to dismiss Ms. Reed’s charge and she timely appealed to the Eleventh Circuit for relief.

The delay in mailing the form until May 6, 2015 (a week before the time limit tolled) was due to Ms. Reed's severe depression from being unlawfully terminated after 18 years of service to the Defendant. In Smith v. United States Postal Service, EEOC Appeal No. 01A55920 (February 6, 2006), the Commission concluded that an extension of time was warranted because the employee's psychologist indicated that the employee was receiving treatment for major depression at the time he was required to file his complaint, and he was incapable of acting in a timely manner because of his lack of energy, focus and concentration. Consequently, the Commission found that the employee was incapacitated by major depression, and thus, excused the untimeliness of his formal complaining.

Federal Express Corp. v. Holowecki, 552 U.S. 389, 128 S. Ct. 1147 (2008), cautions that not every intake questionnaire will satisfy the exhaustion requirement. In Holowecki, the Supreme Court warned:

"As a cautionary preface, we note that the EEOC enforcement mechanisms and statutory waiting periods for ADEA claims differ in some respects from those pertaining to other statutes the EEOC enforces, such as Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act of 1990, 104 Stat. 327, as amended, 42 U.S.C. § 12101 et seq. While there may be areas of common definition, employees and

their counsel must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination. General Dynamics Land Systems, Inc. v. Cline, 540 U.S. 581, 586-87, 124 S. Ct. 1236, 157 L. Ed. 2d 1094 (2004). This is so even if the EEOC forms and the same definition of charge apply in more than one type of discrimination case. Holowecki, 552 U.S. at 393, 128 S. Ct. at 1153. On February 27, the Supreme Court held by a 7-2 vote in Federal Express Corp. v. Holowecki that a former employee who filed an intake questionnaire supported by a detailed affidavit had filed a charge that entitled her to file an ADEA suit. The Supreme Court decided that a document filed with the EEOC that requests action to protect the employee's rights or to settle a dispute with the employer constitutes a discrimination charge under the ADEA."

Instead of filing a formal charge of discrimination, the former employee filed an EEOC form known as an "Intake Questionnaire" along with an affidavit to support her claim that her employer discriminated against her and older workers in violation of the ADEA. The EEOC did not notify the employer that the intake questionnaire had been filed, thus depriving it of the opportunity to resolve the case at an early stage. The former employee later filed suit under the ADEA. The trial court found that the intake questionnaire and affidavit were not a charge and dismissed the lawsuit. The Second Circuit reversed, holding that the intake

questionnaire and supporting affidavit constituted a valid charge. The Supreme Court affirmed the Second Circuit's decision.

Writing for the majority, Justice Kennedy noted that under the ADEA, no civil action may be commenced until 60 days after a charge has been filed with the EEOC. The ADEA also requires that the EEOC promptly notify all persons named in the charge and promptly seek to eliminate any alleged discrimination by informal methods of conciliation, conference, and persuasion. The ADEA, however, does not define "charge" and the implementing regulations are unclear. The EEOC argued in a friend of the court brief that the proper test for determining whether a filing is a charge is whether the filing, taken as a whole, should be construed as a request by the employee to vindicate her rights. Justice Kennedy concluded that, in addition to containing an allegation of discrimination and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request to the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee. In this case, the intake questionnaire and the affidavit were enough to be deemed a "charge" of discrimination. The majority opinion noted that employers and their counsel must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination.

In a strongly-worded dissent, Justice Thomas wrote that the majority's standard was "so malleable that it effectively absolves the EEOC of its obligation to administer the ADEA according to discernible standards." He noted that the intake questionnaire and the attached affidavit did not objectively demonstrate that the employee intended to initiate the EEOC's enforcement process. In support of his reasoning, Justice Thomas cited the fact that the EEOC never assigned the intake questionnaire a charge number and failed to serve the document on the employer. Justice Thomas was a former chairman of the EEOC.

In this instant case, the EEOC assigned Ms. Reed's complaint a charge number, specifically **EEOC Charge #425-2015-00506.** Additionally, Ms. Reed actually underscored the words "retaliation" on her intake questionnaire.

**JEAN REED V. WINN DIXIE, INC, NO. 16-11712**

## CONCLUSION

Based on the foregoing, Ms. Reed maintains that her complaint for employment discrimination was timely filed pursuant to Title VII of the Civil Rights Act and the Age Discrimination in Employment Act, that she made timely contact with the EEO counselor, and that she met the jurisdictional prerequisite to her subsequent court action. Therefore, this matter should be remanded for a trial on its merits.

Respectfully submitted on this the 21st day of June, 2016.

/s/ Letta Dillard Gorman
LETTA DILLARD GORMAN (9221N51L)
P.O. BOX 983
GENEVA, ALABAMA 36340
334-258-9148
Lgorman1109@gmail.com

**JEAN REED V. WINN DIXIE, INC, NO. 16-11712**

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in FRAP 32(a)(7)(B). This brief contains 2,973 words.

/s/ Letta Dillard Gorman

LETTA DILLARD GORMAN (9221N51L)

P.O. BOX 983

GENEVA, ALABAMA 36340

334-258-9148

Lgorman1109@gmail.com

**JEAN REED V. WINN DIXIE, INC, NO. 16-11712**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT I HAVE ELECTRNICALLY FILED THE FOREGOING WITH THE CLERK OF COURT FOR THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT BY USING THE APPELLATE CM/ECF SYSTEM ON JUNE 21, 2016. I FURTHER CERTIFY THAT ALL PARTICIPANTS IN THIS CASE ARE REGISTERED WITH THE CM/ECF SYSTEM AND THE SERVICE WILL BE ACCOMPLISHED BY THE CM/ECF SYSTEM.

/s/ Letta Dillard Gorman
LETTA DILLARD GORMAN (9221N51L)
P.O. BOX 983
GENEVA, ALABAMA 36340
334-258-9148
Lgorman1109@gmail.com